IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CORNISH | : | |
| | : | |
| vs. | : | Civ. Action No. 2:14-CV-06920 |
| | : | |
| CITY OF PHILADELPHIA (PICC), | : | Hon. Harvey Bartle, III |
| DEPARTMENT OF CORRECTIONS, | : | |
| JOSEPH KORZNIAK, TERESA | : | |
| LAW, WEXFORD HEALTH | : | |
| SOURCES, INC., PRISON HEALTH | : | |
| SERVICES, INC., CORIZON, | : | |
| CORRECT CARE SOLUTIONS, LLC, | : | |
| CCS CORRECTIONAL | : | |
| HEALTHCARE, JOHN DOE | : | |
| CORPORATIONS 1-5, JOHN DOE | : | |
| PHYSCIANS 1-5, JOHN DOE CRNP, | : | |
| JOHN DOE NURSE, JOHN DOE | : | |
| PHYSCIANS' ASSISTANT. | : | |

**CORRECT CARE SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMNEDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM**

AND NOW comes Defendant, Correct Care Solutions, LLC, by and through its attorneys, Weber Gallagher Simpson Stapleton Fires & Newby LLP, and files the within Answer to Plaintiff's First Amended Complaint with Affirmative Defenses and Crossclaim.

**Parties**

1. Denied as stated. It is admitted only that Plaintiff, John Cornish, was – at one point in time – incarcerated within the Pennsylvania Department of Corrections. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

2.      Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

3.      Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

4.      Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

5.      Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

6.      Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

7.      Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

8.      Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

9.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

10.     Denied as stated.  It is admitted only that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections to provide medical treatment to incarcerated inmates from September 1, 2014 to the present time.  It is specifically denied that Correct Care Solutions, LLC is a subsidiary of CCS Correctional Healthcare.   All other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint are legal conclusions for which no response is required.

11.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

12.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

13.     Denied.  Any and all allegations of agency are denied inasmuch as the purported agents, servants and/or employees of Correct Care Solutions, LLC have not been identified. Additionally, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

14.     Denied.  Any and all allegations of agency are denied inasmuch as the purported agents, servants and/or employees of Correct Care Solutions, LLC have not been identified. Additionally, Answering Defendant is without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

15.     Denied.  Any and all allegations of agency are denied inasmuch as the purported agents, servants and/or employees of Correct Care Solutions, LLC have not been identified. Additionally, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

16.     Denied.  Any and all allegations of agency are denied inasmuch as the purported agents, servants and/or employees of Correct Care Solutions, LLC have not been identified. Additionally, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

<u>**Jurisdiction and Venue**</u>

17.     Denied.  The corresponding paragraph of Plaintiff's Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Complaint and demands strict proof thereof at trial.

18.     Denied.  The corresponding paragraph of Plaintiff's Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Complaint and demands strict proof thereof at trial.

19.     Denied.  The corresponding paragraph of Plaintiff's Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering

Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Complaint and demands strict proof thereof at trial.

**Factual Allegations**

20.     Denied as stated.  It is admitted only that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections from September 1, 2014 through the present to provide medical treatment to incarcerated inmates by and through its employee physicians, physician assistants, and certified registered nurse practitioners.  It is specifically denied that Correct Care Solutions, LLC contracted with PICC or the City of Philadelphia to provide healthcare services to inmates.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

21.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

22.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

23.     Denied as stated.  It is admitted only that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections from September 1, 2014 through the present to provide medical services to incarcerated inmates.  While Correct Care Solutions, LLC provides overall medical care to inmates, which may include a general examination of an inmate's vision, it is not under contract with the Pennsylvania Department of Corrections to provide specialty ophthalmologic care and treatment.

24.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

25.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

26.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

27.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

28.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

29.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

30.     Denied. Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

31.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

32.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

33.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

34.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

35.     Denied.  It is specifically denied that Plaintiff was denied treatment by Correct Care Solutions, LLC and/or treatment was delayed by Correct Care Solutions, LLC due to improper financial considerations.  It is further denied that there is an "understanding" or "agreement" between Answering Defendant and the Department of Corrections that serious illnesses are only treated by outside providers "when the condition can no longer be ignored." At all times relevant, Answering Defendant used proper and reasonable care in the treatment of John Cornish.

36.     Denied.  It is denied that the recommendations of outside providers were not implemented by Correct Care Solutions, LLC after Plaintiff returned to the prison from his outside appointment(s).  To the contrary, at all times relevant, Answering Defendant used proper and reasonable care in the treatment of John Cornish, and made appropriate medical decisions in conjunction with the outside providers.

37.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

38.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

39.     Denied.  It is specifically denied that Correct Care Solutions, LLC failed to provide Plaintiff with continuity of care.  To the contrary, at all times relevant, Answering Defendant used proper and reasonable care in the treatment of John Cornish.

40.     Denied.  It is specifically denied that Correct Care Solutions, LLC failed to provide Plaintiff with continuity of care.  Moreover, Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

41.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said

records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

42.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

43.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

44.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

45.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

46.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

47.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

48.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

49.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

50.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said

records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

51.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

52.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

53.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

54.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

55.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said

records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

56.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

57.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

58.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

59.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

60.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

61.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

62.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

63.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

64.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

65.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

66.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said

records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

67.    Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

68.    Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

69.    Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

70.    Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

71.    Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said

records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

72.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

73.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

74.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

75.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

76.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said

records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

77.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

78.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

79.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.  By way of further response, any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.   On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.   Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint regarding the monitoring of Plaintiff's telephone calls or the alleged "escape charge" and same, therefore, are denied.

80.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations

contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.  By way of further response, any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.   On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.

81.    Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.   To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

82.    Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

83.    Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

84.    Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.   To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

85.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

86.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

87.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

88.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

89.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said

records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

90.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

91.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

92.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

93.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

94.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

95.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

96.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

97.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

98.     Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

99.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

100.   Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

101.   Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

102.   Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

103.   Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

104.   Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

105.   Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant. Moreover, any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are

denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.

## COUNT ONE: AMERICANS WITH DISABILITIES ACT
### *Plaintiff v. Defendants*

106.    Answering Defendant incorporates by reference the answers to paragraphs 1 through 105 inclusive, as fully as though the same were set forth herein at length.

107.    Denied.  It is denied that Answering Defendant violated the Americans with Disabilities Act in its care and treatment of Plaintiff.  By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

108.    Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

109.    Denied.  Any and all allegations of medical negligence, inadequate medical care, denial or care, reckless disregard to Plaintiff's safety, deliberate indifference to a serious medical condition, or violations of the Americans with Disabilities Act are denied.  It is further denied that Plaintiff was denied the benefit for Answering Defendant's medical services.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.  By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

110.    Denied.   It is denied that Answering Defendant denied medical services to Plaintiff because of Plaintiff's disability.   On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.   By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.   To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

111.    Denied.   It is denied that Correct Care Solutions, LLC denied and/or delayed appropriate treatment to Plaintiff due to improper financial considerations.   Additionally, any and all allegations of medical negligence, inadequate medical care, denial of care, reckless disregard to Plaintiff's safety, deliberate indifference to a serious medical condition, or violations of the Americans with Disabilities Act are denied.   On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.    By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.   To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

112.    Denied.   Any and all allegations of medical negligence, inadequate medical care, denial of care, reckless disregard to Plaintiff's safety, deliberate indifference to a serious medical condition, or violations of the Americans with Disabilities Act are denied.   On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish. Moreover, it is denied that Answering Defendant's actions and/or omissions caused and/or exacerbated Plaintiff's injuries.   By way of further response, the corresponding paragraph of

Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant, Correct Care Solutions, LLC, demands judgment in its favor and against the Plaintiff, dismissing Plaintiff's Amended Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant as this Honorable Court shall deem appropriate under the circumstances.

## COUNT TWO: 42 U.S.C. §§ 1983, 1985(3), 1986
### Plaintiff v. Defendants

113.    Answering Defendant incorporates by reference the answers to paragraphs 1 through 112 inclusive, as fully as though the same were set forth herein at length.

114.    Denied.  It is admitted only that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections from September 1, 2014 through the present to provide medical treatment to incarcerated inmates by and through its employee physicians, physician assistants, and certified registered nurse practitioners.  It is denied that Answering Defendant provided "deficient" services to Plaintiff.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.   Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

115.    Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

116.    Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

117.    Denied.  Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.   By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

118.    Denied.  Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.   Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

119.    Denied.  Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in

the treatment of John Cornish.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

120.    Denied.  Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.    By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

121.    Denied.  It is expressly denied that Answering Defendant failed to supervise and/or train its employees in a manner consistent with the community standard.  By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

122.    Denied.  It is expressly denied that it is Defendant's "policy and practice" to fail to supervise and/or train its employees in a manner consistent with the community standard.  To the contrary, at all times relevant, Answering Defendant properly trained and supervised its employees in a manner consistent with the community standard.  By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the

allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

123.     Denied. It is specifically denied that Correct Care Solutions, LLC denied appropriate care to Plaintiff due to improper financial considerations.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

124.     Denied. Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.    By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

125.     Denied. Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  Additionally, Answering Defendant denies violating 42 U.S.C. §§ 1983, 1985(3) or 1986 as it pertains to its treatment of Plaintiff.    By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Complaint and demands strict proof thereof at trial.

126.    Denied. Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.   Moreover, it is denied that Answering Defendant's actions and/or omissions caused and/or exacerbated Plaintiff's injuries.  By way of further response, the corresponding paragraph of Plaintiff's Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant, Correct Care Solutions, LLC, demands judgment in its favor and against the Plaintiff, dismissing Plaintiff's Amended Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant as this Honorable Court shall deem appropriate under the circumstances.

### COUNT THREE: NEGLIGENCE/CORPORATE NEGLIGENCE
### *Plaintiff v. Defendants*

127.    Answering Defendant incorporates by reference the answers to paragraphs 1 through 126 inclusive, as fully as though the same were set forth herein at length.

128.    Denied.  Any allegations of agency are denied inasmuch as Plaintiff has failed to adequately identify the purported agents, servants, and/or employees of Correct Care Solutions, LLC Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

129.    Denied as stated.  It is admitted only that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections from September 1, 2014 through the present to provide medical treatment to incarcerated inmates by and through its employee physicians, physician assistants, and certified registered nurse practitioners.  It is specifically denied that Correct Care Solutions, LLC contracted with Corizon, Wexford Health Sources, Inc., PICC, or the City of Philadelphia to provide healthcare services to inmates.

130.    Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

131.    Denied. Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.    Moreover, it is denied that Answering Defendant's actions and/or omissions caused and/or exacerbated Plaintiff's injuries.

132.    Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

133.    Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

134.     Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant, Correct Care Solutions, LLC, demands judgment in its favor and against the Plaintiff, dismissing Plaintiff's Amended Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant as this Honorable Court shall deem appropriate under the circumstances.

## COUNT FOUR: BREACH OF CONTRACT
### *Plaintiff v. Corizon/PHS, Wexford, CCS and CCSCH*

135.     Answering Defendant incorporates by reference the answers to paragraphs 1 through 134 inclusive, as fully as though the same were set forth herein at length.

136.     Denied as stated.  It is admitted only that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections from September 1, 2014 through the present to provide medical treatment to incarcerated inmates within the Department of Corrections.  It is specifically denied that that Correct Care Solutions, LLC contracted with PICC or the City of Philadelphia to provide healthcare services to inmates.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

137.     Denied as stated.  It is admitted only that that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections from September 1, 2014 through the present to provide medical treatment to incarcerated inmates.  It is specifically

denied that Correct Care Solutions, LLC contracted with PICC or the City of Philadelphia to provide healthcare services to inmates.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

138.     Denied.  It is denied that the contract between Correct Care Solutions, LLC and the Pennsylvania Department of Corrections contains express language that inmates are the legal beneficiaries of the contract.

139.     Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

140.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant. Moreover, any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.

141.     Denied.  Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

Moreover, any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied. On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish. Moreover, it is denied that Answering Defendant's actions and/or omissions caused and/or exacerbated Plaintiff's injuries.

142. Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required. To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

143. Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required. To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

144. Denied. Plaintiff's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves. To the extent that the allegations contained in the Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant. By way of further response, any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied. On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish. Finally, it is denied that Answering Defendant breached the contract it entered into with the Department of Corrections as it pertained to the care and treatment of Plaintiff.

145.   Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.   To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

146.   Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.   To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant, Correct Care Solutions, LLC, demands judgment in its favor and against the Plaintiff, dismissing Plaintiff's Amended Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant as this Honorable Court shall deem appropriate under the circumstances.

## COUNT FIVE: STATE CONSTITUTIONAL CLAIMS
### *Plaintiff v. Defendants*

147.   Answering Defendant incorporates by reference the answers to paragraphs 1 through 146 inclusive, as fully as though the same were set forth herein at length.

148.   Denied. It is denied that Answering Defendant violated Plaintiff's rights under Article I § 1 and/or Article I § 13 of the Pennsylvania Constitution and the laws of the Commonwealth of Pennsylvania.   By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.   To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

149.    Denied as stated.  It is admitted only that Correct Care Solutions, LLC was under contract with the Pennsylvania Department of Corrections from September 1, 2014 through the present to provide medical treatment to incarcerated inmates.  It is specifically denied that Correct Care Solutions, LLC provided "deficient" medical services to Plaintiff.  By way of further response, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

150.    Denied.  Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.  Moreover, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

151.    Denied.  Any and all allegations of medical negligence, inadequate medical care, reckless disregard to Plaintiff's safety, and/or deliberate indifference to a serious medical condition are denied.  On the contrary, Answering Defendant used proper and reasonable care in the treatment of John Cornish.  Moreover, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

152.    Denied.  It is denied that Answering Defendant engaged in a pattern and practice of constitutional and unlawful practices in its treatment of incarcerated inmates.  By way of

further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

153.    Denied.  The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

154.    Denied.  It is specifically denied that Answering Defendant failed to train and/or supervise its employees in a manner consistent with constitutional medical care.  At all times relevant, Answering Defendant's employees were trained and/or supervised in a manner consistent with the community standard.  By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

155.    Denied.  It is specifically denied that Answering Defendant had a policy and practice of failing to train and/or supervise its employees in a manner consistent with constitutional medical care.  At all times relevant, Answering Defendant's employees were trained and/or supervised in a manner consistent with the community standard.  By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering

Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

156.    Denied.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

157.    Denied. It is denied that Answering Defendant violated Plaintiff's rights under Article I § 1 and/or Article I § 13 of the Pennsylvania Constitution and the laws of the Commonwealth of Pennsylvania.  By way of further response, the corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

158.    Denied. The corresponding paragraph of Plaintiff's Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendant denies the allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant, Correct Care Solutions, LLC, demands judgment in its favor and against the Plaintiff, dismissing Plaintiff's Amended Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant as this Honorable Court shall deem appropriate under the circumstances.

### *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff, John Cornish, has failed to fully and properly exhaust available administrative remedies, Plaintiff's claims against Defendant are barred by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e.

### THIRD AFFIRMATIVE DEFENSE

Defendant pleads as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury and the limitation on attorneys' fees.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Defendant deprive Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C.A. § 1983 or any other state or federally protected right or privilege.

### SIXTH AFFIRMATIVE DEFENSE

At no time did Defendant demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff, John Cornish.

**SEVENTH AFFIRMATIVE DEFENSE**

At no time did Defendant fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times Plaintiff, John Cornish, was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

**NINTH AFFIRMATIVE DEFENSE**

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities or events, over which Defendant had no control or duty to control.

**TENTH AFFIRMATIVE DEFENSE**

The treatment afforded to Plaintiff was, at all material times, in accordance with the applicable standards of professional medical care.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant pleads all defenses afforded to his pursuant to the MCARE Act at 40 P.S. 1303.101 et seq.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to file a Certificate of Merit as is required in professional negligence matters by Pennsylvania Rule of Civil Procedure 1042.3.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for a violation of the Americans with Disabilities Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1983.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1985(3).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1986.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for professional negligence and/or corporate negligence.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for vicarious liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for breach of contract.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

At no time did Defendant breach the contract entered into between Correct Care Solutions, LLC and the Pennsylvania Department of Corrections for the provision of medical services for incarcerated inmates.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not a legal beneficiary of the contract between Correct Care Solutions, LLC and the Pennsylvania Department of Corrections.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for a violation of Article § 13 of the Pennsylvania Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend his Answer and Affirmative Defenses and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

### *CROSSCLAIM AGAINST DEFENDANTS,*
### *PRISON HEALTH SERVICES, INC. AND CORIZON*

By way of further answer and defense, Defendant, Correct Care Solutions, LLC, avers the following crossclaim against co-Defendants, Prison Health Services, Inc. and Corizon:

1.      Answering Defendant incorporates by reference Plaintiff's Amended Complaint and its above answer to Plaintiff's Amended Complaint with Affirmative Defenses as if same were more fully set forth at length herein.

2.      Answering Defendant avers that if the allegations occurred as set forth in Plaintiff's Amended Complaint, which allegations are hereby expressly denied, then any injuries, damages, and/or losses sustained by said parties were due solely, if at all, to the negligence, carelessness, deliberate indifference, breach of contract and/or other liable conduct of Plaintiff and/or Co-Defendants, Prison Health Services, Inc. and Corizon, and were in no way due to the acts or omissions of Answering Defendant.

3.      Answering Defendant avers that in the event that any negligence, carelessness, deliberate indifference, breach of contract and/or other liable conduct on the part of the Answering Defendant is hereby established at trial, which allegations are expressly denied, that Co-Defendants, Prison Health Services, Inc. and Corizon, are hereby solely or jointly liable to Plaintiff, liable over to Answering Defendant for common law indemnity and/or contribution and/or contractual indemnification, or jointly and severally liable with the Answering Defendant to the Plaintiff.

WHEREFORE, Answering Defendant, Correct Care Solutions, LLC, demands judgment in its favor and against Plaintiff or, in the alternative, demands judgment that Co-Defendants, Prison Health Services, Inc. and Corizon, be deemed solely liable, jointly and severally liable

and/or liable over to Answering Defendant by way of contribution, indemnification, and/or contractual indemnification.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: _____

Kenneth D. Powell, Jr., Esquire
Caitlin J. Goodrich, Esquire

Attorney for Defendant,
Correct Care Solutions, LLC

2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
kpowell@wglaw.com
cgoodrich@wglaw.com

Date: April 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of Correct Care Solutions, LLC's

Answer to Plaintiff's First Amended Complaint with Affirmative Defenses and Crossclaim was

served via electronic filing upon:

Lynanne B. Wescott, Esquire
The Wescott Law Firm P.C.
239 So. Camac Street
Philadelphia, PA  19107-5609

Barry N. Kramer, Chief Deputy Attorney General
Pennsylvania Office of Attorney General
21 South 12th Street, 3d floor
Philadelphia, PA 19107

Stephen E. Siegrist, Esq.
O'CONNOR KIMBALL LLP
51 Haddonfield Road, Suite 330
Cherry Hill, NJ 08002

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP

By: _____
Kenneth D. Powell, Jr., Esquire
Caitlin J. Goodrich, Esquire

Attorney for Defendant,
Correct Care Solutions, LLC

2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
kpowell@wglaw.com
cgoodrich@wglaw.com

Date:   April 17, 2015